IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JIM R. ALLEN, ) | |
| ) | |
|     Petitioner, ) | Case No. CV 04-480-S-LMB |
| ) | |
| v. ) | |
| ) | MEMORANDUM DECISION |
| COMMISSIONER, SOCIAL SECURITY ) | AND ORDER |
| ADMINISTRATION, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

Currently pending before the Court is Jim R. Allen's Petition for Review seeking review of the final decision of Respondent denying his claim for Title II disability benefits and Title XVI Supplemental Security benefits. The action is brought pursuant to 42 U.S.C. § 405(g).

Having carefully reviewed the record, and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## I.

## ADMINISTRATIVE PROCEEDINGS

Jim R. Allen ("Petitioner" or "Claimant") first applied for disability and supplemental security benefits under Titles II and XVI of the Social Security Act on January 16, 1999. This initial application was denied through the reconsideration level. (AR 38). A second application,

MEMORANDUM DECISION AND ORDER - 1

submitted on August 23, 1999, was denied by an ALJ on June 1, 2001 and the Appeals Council denied review. (AR 35-47).

Petitioner submitted the instant application, his third, on September 12, 2001, alleging disability beginning on or about June 1, 2001 as a result of constant headaches, loss of balance, some loss of memory, foot and leg pain, and bleeding ulcers from medication. (AR 15, 16, 75, 110).

The application was denied initially and again after reconsideration. Petitioner then filed a timely request for hearing before an Administrative Law Judge. (AR 50, 58). ALJ Robin L. Henrie held a hearing on January 7, 2003 at which time Petitioner, represented by counsel, appeared and testified. James Grissom, C.R.C., a vocational expert, also testified. On June 13, 2003, ALJ Henrie issued a decision denying Petitioner's claim, finding that Petitioner could perform a significant number of jobs in the national economy in various occupations and is therefore not under a disability as defined in the Social Security Act. (AR 24).

Petitioner requested the Appeals Council review the ALJ's decision. The Appeals Council denied Petitioner's request on August 30, 2004, making the ALJ's decision the final decision of the Commissioner of Social Security. (AR 5). Having exhausted his administrative remedies, Petitioner timely filed this instant action and requests that the ALJ's decision be reversed and remanded for another hearing before a different ALJ.

## II.

## BACKGROUND

At the time of the January 7, 2003 hearing, Petitioner was forty-six years of age.  He has a high school equivalent education (GED) and work experience as a carpenter and construction worker.

## III.

## STANDARD OF REVIEW

It is undisputed that the burden of proof rests upon Petitioner to establish entitlement to disability benefits.  *Meanel v. Apfel,* 172 F.3d 1111, 1113 (9th Cir. 1999).  In evaluating the evidence at an administrative hearing, the ALJ must follow a five-part sequential process.  20 C.F.R. §§ 404.1520, 416.920 (1997).  The second part of that process involves a finding regarding whether or not the claimant has a "severe impairment."  20 C.F.R. § 416.905(a).  If no "severe" impairment is found, the claimant will be found not to be disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).

The standard on review is whether the decision of the Commissioner is supported by substantial evidence and is based on proper legal standards.  42 U.S.C. § 405(g); *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).  Findings of the ALJ as to any fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g); *Vidal v. Harris*, 637 F.2d 710 (9th Cir. 1981).  In other words, if there is substantial evidence to support the decision of the ALJ, the decision must be upheld even when there is conflicting evidence.  *Hall v. Sec'y of Health, Education and Welfare,* 602 F.2d 1372, 1374 (9th Cir. 1979).

MEMORANDUM DECISION AND ORDER - 3

Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Tylitzki v. Shalala*, 999 F.2d 1411, 1413 (9th Cir. 1993); *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453 (9th Cir. 1995). The standard requires more than a scintilla but less than a preponderance, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989), and "does not mean a large or considerable amount of evidence." *Pierce v. Underwood*, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988).

With respect to questions of fact, the role of the Court is to review the record as a whole to determine whether it contains evidence that would allow a reasonable mind to accept the conclusion of the ALJ. *Richardson,* 402 U.S. at 401. The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984), resolving ambiguities, *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394 (9th Cir. 1984), and drawing inferences logically flowing from the evidence. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). Where the evidence is susceptible to more than one rational interpretation in a disability proceeding, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ. *Flaten*, 44 F.3d at 1457; *Key v. Heckler*, 754 F.2d 1545, 1549 (9th Cir. 1985).

With respect to questions of law, the ALJ's decision must be based on proper legal standards and will be reversed for legal error. *Matney*, 981 F.2d at 1019. The ALJ's construction of the Social Security Act is entitled to deference if it has a reasonable basis in law. However, reviewing federal courts "will not rubber-stamp an administrative decision

MEMORANDUM DECISION AND ORDER - 4

that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute." *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987). Reviewing federal courts must bear in mind that the Social Security Act is remedial in nature and should be construed liberally and "not so as to withhold benefits in marginal cases." *Smith*, 820 F.2d at 1095 (citations omitted).

The issue presented in the instant appeal is whether the Appeals Council's finding that Petitioner was not disabled is supported by substantial evidence and whether it is based on application of proper legal standards.

## IV.

## DISCUSSION

### A.     Sequential Process

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520, 416.920 (1997).

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity. If the answer is in the affirmative, disability benefits are denied. 20 C.F.R. § 404.1520(b). In the instant action, the ALJ found that Petitioner has not performed any substantial gainful activity since June 1, 2001, the alleged onset date of disability. (AR 16).

The second step requires the ALJ to determine whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §404.1520(c). The ALJ stated that the medical evidence reflects that Petitioner has been diagnosed with status post brain

surgery with tumor resection, affective disorder, mild carpal tunnel syndrome and obesity. The ALJ found that such impairments more than minimally limit Petitioner's ability to perform basic work activities and are thus severe.  (AR 16).

The third step in the evaluation process requires the ALJ to determine whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. § 404.1520(d).  In this respect, the ALJ concluded that Petitioner's severe impairments do not meet or equal any listing of impairments under Appendix 1, Regulations Nos. 4 and 16.  (AR 18).

The fourth step of the evaluation process requires the ALJ to determine whether the claimant's residual functional capacity is sufficient for the claimant to perform past relevant work.  20 C.F.R. § 404.1520(e).  In this respect, the ALJ concluded that Petitioner cannot perform any past relevant work.  (AR 22).  The ALJ did conclude that, during the relevant time period, Petitioner had the residual functional capacity to perform the full range of unskilled, sedentary to light work, with certain limitations.  (AR 21).

In the fifth step, once it has been established that Petitioner can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that Petitioner retains the ability to do alternate work, and to demonstrate that such alternate work exists in significant numbers in the national economy.  In this respect, the ALJ concluded that occupations exist in significant job numbers in the national economy which Petitioner is capable of performing, such as surveillance systems monitor, cutter and paster (media), addressor (office), and housesitter (domestic service).  (AR 22, 23).

### B. Presumption of Continuing Non-Disability

As a threshold matter, the Court must first determine whether a presumption of nondisability has been created by two prior administrative rulings finding that Petitioner was not disabled. "In general, when the Commissioner has denied an earlier application by the claimant, his conclusion creates a presumption of nondisability." *Schneider v. Comm'r of Soc. Security Admin.*, 223 F.3d 968, 973 (9th Cir. 2000). This presumption can be overcome if the claimant presents evidence of "changed circumstances." *Id.*

In the most recent of his two prior applications, Petitioner alleged disability "primarily due to head aches" (AR 39), and the ALJ found Petitioner had severe impairments of headaches and hypertension (AR 40). In the present application, the ALJ found the following severe impairments: status post brain surgery with tumor resection, affective disorder, mild carpal tunnel syndrome, and obesity. (AR 16). Similar to *Light v. Soc. Security Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), these changes in condition are material, and the new conditions could be a basis for finding disability. Accordingly, the Court concludes that Petitioner has presented sufficient proof of changed circumstances to overcome the presumption that he is not disabled.

### C. Credibility

The ALJ did not find Petitioner's functional allegations, and conclusion of total disability, to be reasonably consistent with the objective medical evidence and non-medical evidence, when considered as a whole. (AR 20). In reaching this conclusion, the ALJ considered the medical and non-medical evidence, as well as Petitioner's allegations of pain and other limitations.

Generally, in determining whether the claimant's subjective testimony regarding the severity of his/her symptoms is credible, "the ALJ may consider [claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [claimant's] testimony and [his/her] conduct, [claimant's] daily activities, [claimant's] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." *Light*, 119 F.3d at 791.  Further, the Ninth Circuit has held that "the ALJ may reject the claimant's testimony regarding the severity of [his/her] symptoms only if he makes specific findings stating clear and convincing reasons for doing so," and he "must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ is in the best position to make such credibility determinations and, for this reason, the ALJ's credibility determinations are entitled to great weight. *Anderson v. Sullivan*, 914 F.2d 1121, 1124 (9th Cir. 1990).

In the Court's view, the record contains substantial evidence to support the ALJ's finding of no disability. The ALJ concluded that the "medical record does not contain any opinions from treating or examining physicians indicating that the claimant is disabled or that he even has limitations greater than those determined" by the ALJ in his decision.  (AR 19).  The ALJ noted that Karin Lindholm, D.O., reported that Petitioner was experiencing severe dysesthesias, ataxia and hypertension, but she "failed to cite any functional limitations."  (AR 19, 249). Additionally, although Petitioner testified to foot and knee pain and problems with balance, he also said that he had never fallen down.  (AR 20, 340).  The Court concludes that the ALJ

MEMORANDUM DECISION AND ORDER - 8

properly evaluated Petitioner's testimony and provided clear and convincing reasons for finding his testimony not entirely credible, including his allegations of pain.

Petitioner, however, argues that the ALJ failed to properly support the rejection of Petitioner's pain allegations. *Petitioner's Brief*, p. 5 (Docket No. 11). "In order to disbelieve a claim of excess pain, an ALJ must make specific findings justifying that decision" and "[t]hese findings must enable the ALJ to 'convincingly justify his rejection' of the claimant's excess pain testimony." *Fair v. Bowen*, 885 F.2d 597, 602 (9th Cir. 1989) (citations omitted).

With regard to Petitioner's pain allegations, the ALJ explained:

> If the claimant were truly experiencing disabling symptoms, it would be reasonable to believe that he would seek out, or at least inquire about, medications that could help with his conditions; however, at the hearing, the claimant admitted that he currently does not take any medication whatsoever, not even to control his alleged pain.

(AR 20).  These statements are supported by the record.  Petitioner testified that he had previously taken aspirin for pain, but quit because of ulcers and had not replaced the aspirin with Tylenol, Ibuprofen, or any prescription medications.  (AR 339).  Testimony about a claimant's failure to seek treatment or follow a prescribed course of treatment are an acceptable form of evidence to justify rejection of pain testimony.  *Fair*, 885 F.2d at 602.  *See also Johnson v. Shalala*, 60 F.3d 1428, 1433-34 (9th Cir. 1995) (considering inconsistency between a claimant's testimony and the medical evidence).  Additionally, the Court agrees with the ALJ's statement that "mild-to-moderate pain is not, in itself, incompatible with the performance of sustained work activity."  (AR 20).

Based on Petitioner's testimony and a careful review of the record, the Court concludes that the ALJ properly rejected Petitioner's credibility regarding the severity of his pain.  The

MEMORANDUM DECISION AND ORDER - 9

Ninth Circuit has recognized that "[c]redibility determinations are the province of the ALJ." *Fair*, 885 F.2d at 604. Where, as here, the ALJ has made specific findings justifying a decision to discount and reject certain allegations made by Petitioner regarding symptoms and their functional effect on activities, and those findings are supported by substantial evidence in the record, as the Court concludes they are in this action, the Court's role is not to second-guess that decision. In the Court's view, the ALJ's findings to reject Petitioner's credibility are sufficiently specific to allow the Court to conclude that the ALJ's decision is based on permissible grounds and he did not arbitrarily discredit Petitioner's testimony. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991). Accordingly, the Court concludes that the ALJ's decision to reject certain aspects of Petitioner's subjective testimony concerning his symptoms and pain is not erroneous and should not be disturbed on appeal.

### D.     Residual Functional Capacity

The ALJ concluded that Petitioner had the residual functional capacity to perform a full range of unskilled, sedentary to light work with certain limitations. (AR 21). Petitioner argues that the ALJ failed to properly support this conclusion.

The Court notes that the ALJ's residual functional capacity analysis is not inconsistent with the assessments performed by the State agency medical consultants. (AR 216-42). Indeed, the ALJ allowed for additional limitations based on Petitioner's complaints. For example, the medical consultant's assessments state that no manipulative limits have been established (AR 228, 238), but the ALJ determined that Petitioner's residual functional capacity could not include work requiring "more than frequent handling, reaching, and fingering." (AR 21).

MEMORANDUM DECISION AND ORDER - 10

In assessing Petitioner's residual functional capacity, the ALJ also properly relied on testimony from the vocational expert that Petitioner is capable of performing a number of jobs within the national economy. (AR 22-23). Petitioner argues that he is not qualified for most sedentary jobs however, because they require the ability to engage in repetitive hand-finger actions and Petitioner suffers from mild carpal tunnel syndrome. *Petitioner's Brief*, p. 9 (Docket No. 11). The medical report relied on by Petitioner to support this argument was prepared by Dr. Stephen Asher. Dr. Asher's report states that *if* Petitioner has carpal tunnel syndrome, his ability to manipulate small objects "could be rendered difficult; otherwise it should not be impaired." (AR 186). Dr. Asher's report, however, does not distinguish between mild and other forms of carpal tunnel syndrome. Additionally, in February of 2001, Petitioner reported to Dr. Michael Henbest, a neurological surgeon, that his hand symptoms were "not that bad." (AR 167). As a result, Dr. Henbest recommended treating the condition with wrist splints, but there is nothing in the record discussing the success of this proposed treatment. Moreover, the vocational expert took into account an individual able to perform handling, reaching, and fingering at the frequent, but not constant level, and testified that a limitation to frequent manipulation would not affect the number of jobs available. (AR 350-53). The Court concludes that this evidence of record supports the ALJ's residual functional capacity assessment.

Petitioner also argues that the ALJ failed to properly consider his testimony that he has difficulty concentrating and that this difficulty limits his ability to do the light or sedentary work identified by the ALJ. *Petitioner's Brief*, p. 9 (Docket No. 11). Petitioner relies on his own testimony to support the claim that he cannot perform this work. (AR 332-

MEMORANDUM DECISION AND ORDER - 11

33).  The record contains other, contradictory evidence.  For example, the Residual Functional Capacity Assessment notes that, while Petitioner may be "moderately limited" in his ability to maintain attention and concentration for extended periods, he is not significantly limited in his ability to perform activities within a schedule.  (AR 217).  The Assessment also concludes that Petitioner is not significantly limited in his "ability to complete a normal workday and workweek without interruption form psychologically based symptoms."  (AR 218).  The examiner noted that Petitioner exhibited "excellent concentration and attention," and stated that his condition would not limit his ability to follow directions or concentrate.  (AR 219).  Furthermore, the vocational expert testified that a limitation of reading no more than 2 or 3 minutes at a time would have no effect on the ability to perform the identified jobs.  (AR 350).

     In short, although there is some evidence tending to support Petitioner's position, Petitioner's primary contentions appear to be that the ALJ gave too much weight to the evidence upon which he relied and did not give enough weight to other evidence favorable to Petitioner.  However, as the Court has discussed, the ALJ is the fact finder and is solely responsible for weighing and drawing inferences from facts and determining credibility.  *Allen*, 749 F.2d at 579;  *Vincent on Behalf of Vincent*, 739 F.2d at 1394; *Sample*, 694 F.2d at 642.  If the evidence is susceptible to more than one rational interpretation, one of which is the ALJ's, the Court may not substitute its interpretation for that of the ALJ.  *Key*, 754 F.2d at 1549.  The Court finds that the evidence upon which the ALJ relied can reasonably and rationally be relied upon to support his conclusions, despite the fact that such evidence may be susceptible to a different interpretation.

MEMORANDUM DECISION AND ORDER - 12

V.

**CONCLUSION**

The Court concludes that the Commissioner's determination that Petitioner is not disabled within the meaning of the Social Security Act is supported by substantial evidence in the record and is based upon an application of proper legal standards.  Accordingly, the Court will not substitute its interpretation or judgment for that of the ALJ in reaching his decision and the Commissioner's decision is upheld.

VI.

**ORDER**

Based on the foregoing, the decision of the Commissioner is affirmed and this action is dismissed in its entirety with prejudice.



DATED:  **August 4, 2005**.

Honorable Larry M. Boyle
Chief U. S. Magistrate Judge